IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IREONA CURETON, on behalf of herself and all similarly situated employees, | : CIVIL ACTION No.:<br>:<br>:<br>: |
| Plaintiff, | : JURY TRIAL DEMANDED |
| v. | :<br>: |
| JANJER ENTERPRISES, INC., | :<br>: |
| Defendant. | : |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Ireona Cureton ("Plaintiff"), on behalf of herself and similarly situated employees, brings this collective action lawsuit against Defendant, Janjer Enterprises, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*.  Plaintiff asserts her FLSA claim as a collective action claim under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2.     This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained

against any employer . . . in any Federal or State court of competent jurisdiction."

3.    Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce; therefore, it is also covered by the FLSA on an individual basis.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

6.    Plaintiff is an individual residing in Detroit, Michigan.

8.    Defendant is incorporated under the laws of Maryland and headquartered at 12150 Tech Rd., Silver Spring, Maryland 20904.  Defendant operates an IHOP restaurant franchise in Detroit, Michigan.

9.    Defendant is an employer covered by the record-keeping, minimum wage, and overtime pay mandates of the FLSA.

## FACTS

10.    Defendant employs Servers in at its IHOP franchise(s) across the United States.

11.    Plaintiff was employed by Defendant as a Server at its IHOP restaurant located in Detroit, Michigan from April 2019 until approximately August 2019.

12.     Defendant paid Plaintiff and other Servers a sub-minimum hourly wage, plus any tips earned and paid by restaurant patrons.

13.     Defendant therefore utilizes a "tip credit" for each hour worked by Plaintiff and other Servers as generally permitted under the FLSA.

14.     However, Defendant maintains a company-wide policy and practice which required Plaintiff and other Servers to spend more than 20% of their work time performing non-tip producing side work.  Such non-tip producing side work included, but was not limited to, washing dishes, cleaning coffee/shake machines, stocking condiments, preparing salads, cleaning the walls, wiping the tables, rolling silverware, preparing toppings, preparing food for the salad bar, getting ice, and cleaning the restaurant.

15.     The side work in connection with the salad bar alone took approximately 30-45 minutes per shift.

16.     Defendant paid Plaintiff and other Servers a sub-minimum hourly wage for time spent performing the non-tip producing work described in the preceding paragraph.

17.     The non-tip producing side work did not help Plaintiff and other Servers earn tips from restaurant patrons.

18.     Defendant routinely required Plaintiff and other Servers to perform non-tip producing work while they are not serving patrons in the restaurant.

19.     Defendant required Plaintiff to perform non-tip producing work while paying her a sub-minimum hourly wage during each shift that she worked.  In the absence of discovery, Plaintiff estimates that she spent an average of at least 50% of each shift performing non-tip producing work.  Plaintiff routinely spent more than 20% of her time performing non-tip producing work.

20.     Upon information and belief, Defendant requires its other Servers to spend more than 20% of their time performing non-tip producing work while earning a sub-minimum wage.

21.     Defendant also required Plaintiff and other Servers to claim their tips in IHOP's timekeeping computer system after every shift.

22.     While claiming tips, Plaintiff and other Servers were prompted by the operating system to claim a minimum tip amount for their shift, regardless of whether they actually received that amount in tips. Managers and supervisors did not allow Plaintiff and other Servers to claim their actual tip amount if their actual tips were below the minimum tip threshold mandated by the system.

23.     The amount of tips was based upon the system-mandated minimum tips and not the actual tip amount that Plaintiff and other Servers received for that shift.

24.     Defendant required Plaintiff and other Servers to complete a certain amount of non-tip producing side work for every shift they worked. If Plaintiff and Servers did not complete the non-tip producing side work within their scheduled

work shift, the Manager would clock out Plaintiff and Servers and require them to complete the non-tip producing side work without pay.

25.    Defendant's practices violate the FLSA's mandate that employees receive the minimum wage.

## FLSA COLLECTIVE ALLEGATIONS

26.    Plaintiff brings this action on behalf of herself and all similarly situated employees, defined as:

> *All current and former Servers who worked for Defendant at its IHOP restaurants in the United States at any time during the past three years.*

(hereinafter referred to herein as "Collective Action Members").  Plaintiff reserves the right to amend this definition if necessary.

27.    Plaintiff pursues her FLSA claim on behalf of any Collective Action Members who opt-in to this action pursuant to 29 U.S.C. § 216(b).

28.    Plaintiff and the Collective Action Members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, they have been subjected to Defendant's company-wide pay policies and practices, as discussed in the paragraphs above.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY MINIMUM WAGE

37.    Plaintiff hereby incorporates all of the preceding paragraphs.

38.     Plaintiff and the Collective Action Members are employees entitled to the FLSA's protections.

39.     Defendant is an employer covered by the FLSA.

40.     The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under 40 in a week, *see* 29 U.S.C. § 206(b), and $10.88 for hours worked over 40 in a week, *see id.* at § 207(a)(1).

41.     Defendant's company-wide policy and practice of requiring Plaintiff and other Servers to perform work without receiving wages, such as attending mandatory meetings, over-claiming tips, and performing off-the-clock work, resulted in a failure to satisfy its minimum wage obligations to Plaintiff and the Collective Action Members. As such, Defendant violated the FLSA by failing to pay Plaintiff and other Servers the minimum wage.

42.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

43.     Plaintiff consents in writing to join this action, and her consent is attached hereto as ***Exhibit A***.

## COUNT II
### (29 U.S.C. § 216(b) Collective Action)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. – VIOLATION OF DUAL JOBS PROVISION

44.     Plaintiff hereby incorporates all of the preceding paragraphs.

45.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees a sub-minimum hourly wage and take a "tip credit" against its minimum wage obligations.

46.     However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing side work that is ***unrelated*** to the employee's tipped occupation.  *See e.g.*, *Driver v. AppleIllinois, LLC,* 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are ***unrelated*** to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added).

47.     Defendant violated the FLSA by requiring Plaintiffs and other Servers to perform non-tip producing side work that is ***unrelated*** to their tipped occupation, such as, *inter alia*, washing dishes, cleaning coffee/shake machines, stocking condiments, preparing salads, cleaning the walls, wiping the tables, rolling silverware, preparing toppings, preparing food for the salad bar, getting ice, and cleaning the restaurant.

48.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq*., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations

Handbook §30d00(f)[1] by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to perform non-tip producing side work constituting a "dual job" that was ***unrelated*** to their tipped occupation, over the course of their regular workweek, as identified in the preceding paragraph.

49.     At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

50.     As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

51.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such an unrelated non-tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

52.     Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional

---

[1] (Dec. 9, 1988, *revised* Nov. 17, 2016) (*see* https://www.dol.gov/whd/FOH/FOH_Ch30.pdf)

equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT III
### (29 U.S.C. § 216(b) Collective Action)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – VIOLATION OF THE TWENTY PERCENT RULE

53.    Plaintiff hereby incorporates all of the preceding paragraphs.

54.    Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.

55.    However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing side work that, although ***related*** to the employee's tipped occupation, exceeds 20% of the employees' time worked during a shift. *See e.g.*, *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing ***related*** but nontipped duties should be paid at the full minimum wage for that time").

56.    To the extent Plaintiff's and other Servers' non-tip producing side work in, for example, washing dishes, stocking condiments, preparing salads, cleaning the walls, wiping the tables, rolling silverware, preparing toppings, preparing food for the salad bar, getting ice, and cleaning the restaurant is found to be ***related*** to their

tipped occupation, Defendant violated the FLSA by requiring Plaintiff and other Servers to perform this non-tip producing side work for more than 20% of their weekly work hours.

57.     Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq*., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(f) by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to spend more than 20% of their work time performing related, but non-tip producing side work.

58.     At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

59.     As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

60.     Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit, for time spent performing such non-tip producing side work for more than 20% of their weekly hours, would violate federal law and

Defendant was aware of the FLSA minimum wage requirements at all relevant times.  As such, Defendant's conduct constitutes a willful violation of the FLSA.

61.    Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other putative collective members, seeks the following relief:

A.    Certifying this case as a collective action (for the Collective Action Members) in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I-III);

B.    All unpaid wages owed;

C.    A finding that Defendant's conduct was willful;

D.    Liquidated damages;

E.    Litigation costs, expenses, and attorneys' fees; and

F.      Such other and further relief as this Court deems just and proper.


Date:  November 24, 2021                    Respectfully Submitted,
                                            */s/ Jesse L. Young*
                                            Jesse L. Young, Esq.
                                            **KREIS ENDERLE, P.C.**
                                            8225 Moorsbridge
                                            P.O. Box. 4010
                                            Kalamazoo, Michigan 49003-4010
                                            (269) 324-3000 (Tel.)
                                            (269) 324-3010 (Fax)
                                            jyoung@kehb.com

                                            Nicholas A. Migliaccio, Esq.
                                            Jason S. Rathod, Esq.
                                            **MIGLIACCIO & RATHOD LLP**
                                            412 H St., NE
                                            Suite 302
                                            Washington, DC 20002
                                            (202) 470-3520 (Tel.)
                                            (202) 800-2730 (Fax)
                                            jrathod@classlawdc.com
                                            nmigliaccio@classlawdc.com

                                            Peter Winebrake, Esq.*
                                            R. Andrew Santillo, Esq.
                                            Mark J. Gottesfeld, Esq.*
                                            **WINEBRAKE & SANTILLO, LLC**
                                            715 Twining Road, Suite 211
                                            Dresher, PA 19025
                                            Tel:  (215) 884-2491
                                            pwinebrake@winebrakelaw.com
                                            asantillo@winebrakelaw.com
                                            mgottesfeld@winebrakelaw.com

                                            *\*pro hac vice* admission anticipated

# EXHIBIT A

**CONSENT TO JOIN**

By my signature below, I consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act against Janjer Enterprises LLC and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act for the claims set forth in the Complaint. I hereby appoint Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP, 412 H St NE, Suite 302, Washington D.C. 20002, Jesse Young of Kreis, Enderle, Hudgins & Borsos P.C. at 8225 Moorsbridge Rd, Portage, MI 49024, and R. Andrew Santillo of Winebrake & Santillo, LLC, 715 Twining Rd #211, Dresher, PA 19025, and others that the above attorneys choose to associate with to represent me in this case.

Name: Ireona Cureron

Signature: _____